WILLIAM R. STORY v. F. M. MARSHALL AND WIFE.

A husband may make a gift or grant of the community, or his separate property, to his wife, by a conveyance directly to her, without the intervention of trustees.

A deed to the wife, for property purchased by the husband, with community funds, imports, in the absence of evidence of a different purpose, that it was the intention that the property should become the separate estate of the wife.

A deed from husband to wife, purporting to be for a valuable consideration, if without consideration, will be upheld as a donation or gift.

The *primâ facie* presumption arising from a deed of the husband to his wife, for community property, is, that it was intended to change its character from community to separate property of the wife.

A subsequent sale of the property, by the husband, does not rebut this presumption; and the deed is effectual against such subsequent purchaser.

APPEAL from Bexar. Tried below before the Hon. Thomas J. Devine.

This was an action of trespass to try title, brought by John F. Marshall and his wife, Mary Julia Marshall, to recover, in right of the wife, from William R. Story, two lots in the city of San Antonio.

The lots in question were originally the community property of John Farrell and his wife Mary Jane Farrell. On the 6th of May, 1853, John Farrell, executed a deed for the lots to his wife. The deed purported to have been made in consideration

of $100;. but it was proved, upon the trial, by the attorney who drew it, that this was merely nominal, and had been inserted by him in the deed, when in fact, nothing was paid by the wife for the lots. Mary Jane Farrell died about July, 1854. The plaintiff, Mary Julia Marshall, was her only child. Subsequently to the death of his wife, Mary Jane Farrell, John Farrell sold the lots to the defendant, William R. Story, and executed to him a deed therefor.

A jury was waived, and the cause submitted to the court, who gave judgment in favor of the plaintiffs, for a title in fee to two-thirds of the lots, and in favor of the defendant, for an estate for the life of John Farrell, in the remaining third, with a remainder in fee to the plaintiffs; from which the defendant appealed.

*J. A. & George W. Paschal,* for the appellant.—1. The recital of a valuable consideration, is a mere receipt, which may be contradicted, enlarged, or varied by parol. (Humphries v. McCraw, 5 Ark. 62; Skaife v. Jackson, 1 Barn. & Cres. 421; 1 Phillips' Evidence, 108; Cowen's notes on same work, 419, 420, on part 1st, 2d book, page 547.)

2. There is no evidence that the deed was a mere gift. And we contend, that although a husband may convey to his wife, for the purpose of giving her property, when it is not done to defraud creditors, or may sell to her, for a valuable consideration, yet when there is no consideration paid, and no intention to give can be made to appear, the property simply remains community acquests and gains. It might possibly be different, were either conveying the separate property of him or herself; but the community cannot be destroyed, without an expressed intention to do so.

And even if a deed were for a valuable consideration, it is not to be overlooked, that the presumption is in favor of community property. (Higgins v. Johnson, 20 Texas Rep. 394.) This case seems to make the whole turn upon the intention of the husband, which, in that case, was proved. But it is not decided, that the

mere deed of the husband establishes his intention of a gift. His sale to a stranger, soon afterwards, shows that he did not understand that he had lost his dominion.

The general principle is, that a deed for a purported valuable consideration, cannot be regarded as a gift, because the recitation excludes the intention of gift, even though it may be false. (Blackstone and Kent's Commentaries, tit. Deed; Chitty on Contracts.) The equity of this case, demands a reformation of the judgment, so as to give the husband one-half.

*Wilcox & Leigh*, for the appellees.

WHEELER, C. J.—It is not questioned that, under our law, the husband may make a gift or grant of property to his wife, by conveyance to her, directly, without the intervention of trustees. It has been so held, in repeated decisions. (14 Texas Rep. 443; 16 Id. 286; Id. 314; 7 Id. 576.) And where property was purchased by the husband, with the funds of the community, and the deed taken in the name of the wife, it was held, that the presumption that it remained community property, might be rebutted by proof of the declarations of the husband, made at the time, showing that he intended the property to become the separate estate of the wife. (Higgins v. Johnson's Heirs, 20 Texas Rep. 389.)

In the absence of any evidence of intention, outside of the deed, it must be taken as evidencing the intention which, upon its face, it imports; that is, to convey to the wife the estate of the husband, in the property. It must have been intended to have some operation upon the estate of the grantor; and that must be taken to have been, to change the estate from community, into separate property of the wife, in the absence of evidence of any other or different purpose, in the making of the conveyance. To deny it that effect, would be to render the deed wholly inoperative and void. The grantor could have made an effectual conveyance to a stranger, of the whole estate; and it is not perceived that there is any legal impediment to his conveying

to his wife his interest, thereby investing her with the whole estate. The evidence warrants the conclusion, that the deed was without consideration, and therefore, a donation or gift. As such, it must have been upheld, as between the parties, had it been a conveyance of his separate property; and we think it equally operative as a donation of his community interest in the property. In Higgins v. Johnson, 20 Tex. Rep. 396, it was said—the husband having the power of making donations, even to strangers, has certainly authority to transfer the whole interest in an article of community, to the wife.

There can be, in this case, no presumption, as in the case of a purchase from a stranger in the name of the wife, that funds of the community were employed in making the purchase, and therefore it is community property. But the conveyance being of community property of the parties between whom the conveyance is made, *primâ facie*, the presumption must be that it was intended to change its character from community to the separate property of the wife. The subsequent sale of the property, by the husband, cannot be deemed sufficient to rebut this presumption. (Smith v. Strahan, 16 Texas Rep. 314.) The judgment was in entire accordance with the view we entertain of the law, (O. & W. Dig., Art. 347,) and it is affirmed.

Judgment affirmed.