**FORMAN et ux. v. GLASGOW.**

No. 2845.

Court of Civil Appeals of Texas. Waco.

March 31, 1949.

Rehearing Denied April 28, 1949.

John B. McNamara, Jr., of Waco, for appellants.

Orville M. Jobe, of Waco, for appellee.

TIREY, Justice.

R. E. Lee Glasgow brought this suit against Dr. Frank Forman and wife, Carrie L. Forman, for specific performance of a written contract to convey certain real estate in the city of Waco, and in the alternative for damages for breach of contract, and further an alternative plea for treble damages for amount paid by Glasgow in excess of rent ceiling established by OPA. Glasgow's rights are predicated on the fact that he is an assignee of T. F. Boltz, who made the contract with the Formans. Defendants answered with plea of coverture and that the property sued for was the separate property of Mrs. Forman. The trial was without the aid of a jury and the court found that the property involved was community property of defendants and entered a decree for plaintiff. This decree in effect divested the fee simple title to said property out of defendants and vested the same in plaintiff Glasgow. The decree further provided that the Formans recover the sum of $65 deposited in the registry of the court by plaintiff and the further sum of $4,711.97, and provided that this sum would constitute an equitable lien against the property and foreclosed the same in favor of defendants at the expiration of forty days from the date of the judgment, provided said sum of money had not been paid to defendants, and also provided for appropriate writs in behalf of plaintiff and defendants. All parties excepted to the decree entered and gave notice of appeal, and the Formans have perfected their appeal.

The judgment entered is assailed by the Formans substantially on the ground that the court committed error in finding that the property involved was community property of the Formans for the reason that there was no evidence on which to base such finding; and since it was without dispute that Mrs. Forman is a married woman; she did not have the legal capacity, although joined by her husband, to enter into a binding contract for the conveyance of her separate property. We sustain these contentions.

The pertinent facts are without dispute. On February 4, 1918, the property in question, together with other property, was conveyed (recorded in Deed Records February 8, 1918) by Chas. S. Davis to Dr. Frank Forman and became the community property of Dr. Forman and his wife. On July 23, 1938, Dr. Forman, by warranty deed (recorded in Deed Records on same date) conveyed the property in question, together with other property, to Carrie L. Forman. The consideration recited in this deed was $5. There was nothing in the deed that stated that Dr. Forman was conveying the property to his wife as her separate property. On October 30, 1943, Mrs. Forman entered into a written contract with T. F. Boltz, which instrument designated her as "first party" and T. F. Boltz as "second party", which instrument recited that it was a purchaser's contract. Dr. Forman's name does not appear in the body of the instrument, but he executed it with her but neither acknowledged the instrument. This contract bound the first party to sell and convey to the second party Lot 3 and the East one-half of Lot 4 in Block 6, Ginnochio Addition to the City of Waco for a total consideration of $7,000, payable $65 in cash and the balance at $65 per month, with interest at the rate of 5% per annum, the monthly installments to include both principal and interest, the payments beginning December 1, 1943, and continuing until the principal and interest are paid, and further agreed that when $1,000 and interest had been paid that the first party would execute and deliver to second party a warranty deed to the property, together with an abstract of title. This contract further provided: "The buyer may sell or transfer this contract only with the consent of the seller (first party) and any sale or assignment without such written consent shall be void." On August 23, 1944, Boltz, for a valuable consideration, executed a written transfer and assignment of his rights in the contract to Glasgow and this assignment was consented to and signed by Mrs. Forman only. Glasgow moved into the property and made payments according to the terms of the contract, which were received and were used for meeting the living expenses of the Formans. The Formans, at the time the sale was made and at all times involved,

were using and occupying another piece of property in the City of Waco as their homestead. After Glasgow had made the payments according to the terms of the contract and had paid to Mrs. Forman the $1,000, as provided in the contract, he made demand upon the Formans to execute and deliver deed, together with abstract of title, according to the terms of the contract, and the Formans refused to do so. Thereupon he tendered the unpaid part of the purchase money due under the terms of the contract and the Formans still refused to execute and deliver deed, and he brought this suit and seasonably tendered into court the unpaid part of the purchase price. So, the question that first presents itself to us is: Did the deed from Forman to his wife in 1938 have the effect to vest the title to the property in Mrs. Forman as her separate estate? We think it did.

■ In Speer's Law of Marital Rights in Texas, 3rd Ed., p. 183, sec. 134, we find this statement: "In the absence of any evidence of intention outside of the deed of conveyance by a husband to the wife, where it was shown that no consideration passed, and that that mentioned in the deed was merely nominal, our Supreme Court held that such deed must be taken as evidencing the intention, which, upon its face, it imports—that is, to convey to the wife the estate of the husband in the property; * * *." For collation of authorities see cases under Note 17, p. 183.

In 23 Tex.Jur. sec. 128, pp. 157, 158, we find this statement: "The effect of the husband's deed to the wife—whether the subject of the conveyance be his separate or community—is to constitute the estate the separate estate of the grantee. The instrument could have no other meaning, and this is true whether it recites that the conveyance is for the sole separate use of the grantee or not. Where no consideration passes, or a mere nominal one is stated, the courts construe the transaction as evidencing an intention to donate." For collation of authorities see cases cited under Notes 10 and 11, p. 158.

■ The above statements of the law are general, but we believe they are accurate in the summation that they give to the decisions of our Supreme Court over a long period of years, and we believe they are applicable to the exact factual situation here. It is clear that when Dr. Forman acquired the property it was a part of the community. It remained such under the record until he conveyed it to his wife in 1938, at which time it passed to her separate estate under the above authorities. Appellee did not allege that the execution and delivery of the deed from Dr. Forman to his wife was by mistake or to perpetrate a fraud, nor was testimony tendered to such effect, nor is there any allegation in the pleading to the effect that the deed from Dr. Forman to his wife did not pass his community interest to her separate estate at the time of its execution and delivery. See Kahn v. Kahn, 94 Tex. 114, 58 S.W. 825. See also Lewis v. Simon, 72 Tex. 470, 10 S.W. 554; Callahan v. Houston, 78 Tex. 494, 14 S.W. 1027; Lott v. Kaiser, 61 Tex. 655, point pages 668, 672. It is true that Mrs. Forman testified on the trial positively to the effect that it was their community property and that all of the property they owned was community and that she managed and controlled the same after Dr. Forman became ill and that his illness antedated the contract in suit. "A vested title to real estate can only pass by deed, judgment, or other means recognized by law. Abandonment, as such, of title is not recognized in this state." W. T. Waggoner Estate v. Sigler Oil Co., Tex. Com.App., 284 S.W. 921, point page 925. Our view is that the rule in Texas is that the intention of the parties at the time of the taking of the deed is controlling. See Smith v. Strahan, 16 Tex. 314, 325, 67 Am. Dec. 622; Cummins v. Cummins, Tex.Civ. App., 224 S.W. 903. Dr. Forman was not tendered as a witness and our view is that Mrs. Forman's testimony to the effect that the property was community is a conclusion of law. Under the foregoing record, our view is that under the doctrine announced by our Supreme Court in Lewis v. Simon, supra, the deed from Dr. Forman to Mrs. Forman in 1938 passed the title to her separate estate. Since we are of the opinion that the property in question was the separate property of Mrs. Forman at the time the purchase contract

was given and at the time that she only consented to the assignment to appellee, she and her husband cannot be forced to convey the property under the doctrine announced by our Supreme Court in Blakely v. Kanaman, 107 Tex. 206, 175 S.W. 674, 675. In that case our Supreme Court held: "This statute empowers her to convey such property when joined by her husband and her acknowledgement is privily taken, but it recognizes no obligation resting upon her in virtue of a mere contract to convey." Although the above decision was written prior to the passage of the 1913 Acts of our legislature, art. 4614, Vernon's Ann. Civ.Stats., our Supreme Court has not seen fit to change the above rule. See Estapa v. Saldana, Tex.Civ.App., 200 S.W.2d 722. See also opinion of this court in Sutton v. Shanley, Tex.Civ.App., 192 S.W.2d 567, point page 572. It follows that the judgment of the trial court insofar as it divested the fee simple title to the property in question out of Carrie L. Forman and her husband and vested it in Glasgow must be reversed and rendered; also the judgment insofar as it awarded to the Formans a money judgment and fixed a lien upon the property to secure the same and provided for foreclosure in the event the balance of the purchase price was not paid must be reversed and rendered, with instructions to the clerk of the trial court to return to Glasgow all sums of money deposited by him in the registry of the court.

■. Owing to the fact that the evidence is without dispute on behalf of appellants and appellee that the contract of sale was entered into in good faith, and that appellant, Mrs. Forman, intended to sell the property at the time she made the contract and that she did not intend to rent the property and that such was the good faith purpose of Glasgow, and since Mrs. Forman testified in affect that her only reason for not completing the sale was "I just didn't want to" and that she was not offering any money back to Glasgow, the cause must be reversed and remanded to the trial court for the purpose of adjusting the rights and equities of the parties as to the amounts theretofore paid by appellee and received by appellants. Mrs. Forman is entitled to collect and hold a reasonable rental for her property under the applicable law, but she cannot take advantage of the favorable part of the contract and reject the unfavorable. See Barrington v. McBroom, Tex.Civ.App., 157 S.W.2d 463, point 3 on page 465 for collation of authorities.

■ Since the contract in suit was executed in good faith by all parties but was breached only by appellants, we think it would be equitable for the costs of this appeal, as well as the costs in the court below, including such additional costs as may be incurred in the court below in fixing a reasonable rental and adjusting the equities, to be taxed against appellants. See Rule 448, Texas Rules Civil Procedure, and cases cited in Lone Star Gas Co. v. Childers, Tex.Civ.App., 187 S.W.2d 936, point 10.

Accordingly, the judgment of the trial court is reversed and rendered in part and the cause is in all other respects reversed and remanded to the trial court, with instructions to adjust the equities between the parties in accord with the views expressed in this opinion, and the costs to be taxed accordingly.

Reversed and rendered in part and remanded in part.

HALE, J., took no part in the consideration and disposition of this case.