**Myrtle PEVEHOUSE, Appellant,**

v.

**W. M. PEVEHOUSE, Appellee.**

No. 6684.

Court of Civil Appeals of Texas.

Amarillo.

June 17, 1957.

Rehearing Denied Sept. 9, 1957.

Crenshaw, Dupree & Milam, Brummett & Kimmel, Lubbock, H. A. C. Brummett, Floydada, for appellant.

Campbell & Brock, Lubbock, for appellee.

## NORTHCUTT, Justice.

This was an action brought by Myrtle Pevehouse, appellant here, against W. M. Pevehouse, appellee here, for a divorce and adjudication of property rights as between them. Mr. Pevehouse filed a cross-action for divorce and for adjudication of the property rights. The case was tried to the court without a jury. Judgment was entered by the court granting Myrtle Pevehouse divorce from W. M. Pevehouse and made a division of the property between them. No question is raised here as to the question of granting the divorce. From this judgment as to the division of the property, Mrs. Pevehouse perfected this appeal. Originally the appellant and appellee owned as their community property the west one-half (W/2) of Section Ten (10), Block J-S, in Lubbock County, Texas. Long before this divorce proceeding, W. M. Pevehouse deeded this land to Myrtle Pevehouse as her separate property. Under this record, the dates are a little confusing. One place it shows the date of the deed as being 3–22–'38 but the instrument shows dated March 22, 1935, and acknowledged March 22, 1938. The deed was filed for record November 9, 1938, and recorded in Volume 223 at page 300 of the Deed Records of Lubbock County, Texas. The deed recited that W. M. Pevehouse for and in consideration of the sum of $500 to him in hand paid by Mrs. Pevehouse out of her separate estate and funds acquired by her from inheritance as follows: "Cash paid, the receipt of which hereby is acknowledged and confessed." Then it proceeded to grant, sell and convey the property to Mrs. Myrtle Pevehouse in her individual and separate right, and further provided: "and I do hereby bind myself, my heirs, executors and administrator to Warrant and Forever Defend, all and singular the said premises unto the said Mrs. Myrtle Pevehouse in her separate right, her heirs and assigns, against every person whomsoever lawfully claiming or to claim the same or any part hereof."

Appellant in her first three points of error insists that the court erred in making the division of the real property. The points of error being as follows:

"First Point

"The court erred in declaring the west one-half (W/2) of Section Ten (10), Block J-S, in Lubbock County, Texas, involved in this action, to be community rather than the separate estate of Myrtle Pevehouse.

"Second Point

"The finding of the trial court that the west half (W/2) of Section Ten (10), Block J-S, in Lubbock County, Texas was community property is without support in the evidence, when as a matter of law said real estate, to-

gether with improvements thereon is the separate property of the appellant, Myrtle Pevehouse.

## "Third Point

"The finding of the trial court that the west half (W/2) of Section Ten (10), Block J-S, in Lubbock County, Texas, was community property is against the preponderance of the evidence, in that the preponderance of the evidence in the record shows that said real estate, together wtih improvements thereon, is the separate property of the appellant, Myrtle Pevehouse."

We are of the opinion by appellee's own admissions that there is no question but what appellee signed the deed in question and did so to accomplish whatever the deed stated, and the deed stated it as her separate property. Although his memory was extremely bad as to the deed, it was on record for several years before this suit was filed and he at least had constructive notice of the same. Under this record, we are of the opinion the question as to whether this was appellant's separate real estate must be by the interpreting of the deed in question.

Where property is conveyed from a husband to his wife, with intent to make it her separate property, even though it were purchased from the community funds, the conveyance operates as a gift from the husband, and the wife takes it as her separate property. The intention with which the conveyance is made must be determined from the language of the instrument, together with all the facts, circumstances and declarations of the parties disclosed by the evidence as occurring at the time of the transaction. Where a deed is executed from a husband to his wife, and it contains the specific declaration that the land is conveyed as her separate property, this recital is strong evidence of his intention to relinquish his claim upon it as community property, and this presumption can only be rebutted by satisfactory evidence that this form of conveyance was procured by fraud, mistake or undue influence. The Supreme Court in the case of Belkin v. Ray, 142 Tex. 71, 176 S.W.2d 162, 165, stated as follows:

"It goes without saying that by [a] deed to his wife, Harry Marks constituted this property the separate estate of his wife. 23 Tex.Jur., p. 157, § 128."

The paragraph cited by the Supreme Court is as follows:

"128. Husband's Deed to Wife— There is no reason why the husband may not execute a deed directly to his wife. The validity of such a deed is determined by general principles. There must be present the essentials, such as consideration and delivery.

"Formerly, when by statute the husband had the sole right of control of the wife's separate property, his possession of her title papers was lawful, and for her the law would presume an actual delivery. But now that no such power of control with right of possession is allowed, the ordinary possession of the grantor—husband—would not be construed as a delivery to the wife, and without a delivery there has been no execution. The effect of the husband's deed to the wife—whether the subject of the conveyance be his separate property or the community—is to constitute the estate the separate property of the grantee. The instrument could have no other meaning, and this is true whether it recites that the conveyance is for the sole separate use of the grantee or not.

"Where no consideration passes or a mere nominal one is stated, the courts construe the transaction as evidencing an intention to donate. This presumption is one of fact serving the wholesome purpose of upholding the deed; and of course the like presumption will be indulged where the wife has conveyed to the husband without a valuable consideration."

The consideration expressed in the deed in question shows to have been received by the appellee from appellant's separate estate and funds acquired by her from inheritances, and we are unable to see where there has been shown fraud, accident or mistake in the preparation or in the execution of the deed to appellant. Appellee acknowledges that if the deed was made and delivered it was for the purpose of doing whatever the deed provided and was not to be thrown in the river. In the case of Taylor v. Hollingsworth, 142 Tex. 158, 176 S.W.2d 733, 735, the Supreme Court stated:

"'* * * by construction, property which is acquired after marriage in exchange for separate property, or which is purchased with separate funds, is held to belong to that estate which furnished the consideration. Separate property of either spouse may be conveyed to the other in such way as to become his or her separate property, *and community property may be so conveyed by the husband to the wife as to make it hers separately.* [Italics ours.] This is true, not because the parties chose to name the property separate, but because the facts transpire to bring it within the statutory definition; and the law, operating upon such facts, vests title in accordance with them. The act of the parties is such as the law defines as necessary to create the separate right. Therefore the question whether particular property is separate or community must depend upon the existence or non-existence of the facts, which, by the rules of law, give character to it, and not merely upon the stipulations of the parties that it shall belong to one class or the other. Thus, when one spouse passes to the other by gift his or her title to separate property, it could not become the community property of both, because the law declares that property so acquired shall be the separate property of the donee; and a gift by the husband to the wife of his interest in community property would be-

come the separate property of the donee. for the same reason. And so property acquired in the name of either spouse during marriage, otherwise than by gift, devise, or descent, or in exchange for separate property, would, by force of the statute, be community property.'"

Appellee was asked by his attorney if he ever gave his wife the farm for love and affection. He did not deny giving the farm for love and affection but stated he had no love and affection for her and never had any love or affection for her although the record reflects they had been man and wife for forty-two years at the time of this separation and had two children that are now grown and married. He was further asked by his attorney if he at any time since 1932 executed a deed of conveyance to his wife for this half section of land intending to convey title to her. His answer was, "No." He did not remember much about the deed and did not know whether he gave the deed to Mrs. Pevehouse or not. Appellee acknowledged: "If I signed it and if I acknowledged it, why it would have been for the purpose that she could have it." We think this undisputed record shows appellee signed, acknowledged and delivered the deed in question. This deed cannot be varied simply by the appellee testifying he never executed a deed of conveyance to his wife for this land intending to convey title to her. As stated in the case of Davis v. Davis, 141 Tex. 613, 175 S.W.2d 226, at page 229, by the Supreme Court:

"It is our opinion that to sustain the ruling of the Court of Civil Appeals and the contention of respondents would be to permit the admission of extrinsic evidence either to contradict the plain legal effect of the three deeds or to render wholly ineffective the deed from Jeff D. Davis to his wife conveying the undivided one-half interest. This cannot be done in the absence of allegations of fraud, accident or mistake in the preparation or in the

execution of the written instruments. There is no such pleading in this case. 'It is well settled that the legal effect of a deed cannot be varied simply by showing that the grantor misunderstood the legal effect of its terms, or intended a different effect from that which the language of the instrument imports.' Rogers v. Rogers, Tex.Com. App., 15 S.W.2d 1037, 1039. See, also, Cauble v. Worsham, 96 Tex. 86, 93, 70 S.W. 737, 97 Am.St.Rep. 871; Lindly v. Lindly, 102 Tex. 135, 144, 113 S.W. 750; Murphy v. Dilworth, 137 Tex. 32, 151 S.W.2d 1004; McCormick & Ray's Texas Law of Evidence, p. 989, Sec. 739a.

"There is no ambiguity in the three deeds executed January 2, 1935. By the first two deeds Mrs. Davis, through Mrs. Passow conveyed to her husband, Jeff D. Davis, as his separate estate, an undivided one-half interest in the land. The third deed was a warranty deed by which Jeff D. Davis conveyed to Mrs. Davis an undivided one-half interest in the land. He had no interest except the one-half interest conveyed to him on the same day by Mrs. Davis through Mrs. Passow. Necessarily, the effect of his deed to Mrs. Davis was to convey that one-half interest to her and thus divest himself of all inter-est in the land. The parties accomplished nothing by the execution and delivery of the three deeds, but it is better to attribute futility to their acts than to give the deeds a legal effect different from that which the language of the instruments imports."

Appellant's first three points of error are sustained.

By appellant's remaining four points of error she complains of the trial court's action in dividing the personal property between appellant and appellee. The way this personal property was handled by the parties and as found by the trial court we are unable to see where the court committed any error in such division; said last four points of error are overruled.

That part of the judgment of the trial court declaring the west one-half (W/2) of Section Ten (10), Block J-S, in Lubbock County, Texas, to be community property of appellant and appellee is hereby reversed and judgment here rendered that said West one-half (W/2) of Section Ten (10), Block J-S, in Lubbock County, Texas, together with all improvements thereon is the separate property and estate of Myrtle Pevehouse. Judgment of the trial court as to the division of all personal property is affirmed. Reversed and rendered in part and affirmed in part.