Kenneth **DALTON** et al., Appellants,

v.

**J. N. PRUETT**, Individually and as Administrator of the Estate of Curvie E. Dalton, Deceased, et al., Appellees.

No. 8061.

Court of Civil Appeals of Texas, Texarkana.

July 25, 1972.

Rehearing Denied Aug. 29, 1972.

Clyde M. Marshall, Jr., Davis, Callaway & Marshall, Fort Worth, Wm. C. Odeneal, Odeneal & Odeneal, Dallas, Paul Worden, McKinney, for appellants.

Alex Orr, Abernathy & Orr, McKinney, for appellees.

RAY, Justice.

This was a declaratory judgment suit brought by Appellee J. N. Pruett, individually and as Administrator of the estate of Curvie E. Dalton, deceased, to determine the ownership of real and personal property disposed of by the joint will of Kate King Dalton and Curvie E. Dalton, husband and wife.

In 1951, Curvie E. Dalton purchased a vacant lot in the City of McKinney at a time when he was a single man. Immediately thereafter he constructed a dwelling on the lot and subsequently married Kate King Dalton. By deed dated October 24,

1953, Curvie E. Dalton conveyed the lot in the City of McKinney to his wife Kate, reciting a cash consideration of $8,500.00.

In 1955, Kate King Dalton and Curvie E. Dalton made a joint will by which the survivor of them was given a life estate in all real and personal property belonging to them, together with the right to dispose of the same during the lifetime of the survivor; and, at the date of death of the survivor, any and all of the estate then remaining was bequeathed to Jeffie N. Pruett and Monte N. Wardlow, share and share alike. Jeffie N. Pruett and Monte N. Wardlow were the children of Kate King Dalton by previous marriages.

On November 2, 1961, Kate King Dalton died and the joint will was duly probated as to her estate by the County Court of Collin County, Texas. In November of 1966, Monte N. Wardlow died testate in Tarrant County, Texas, and his will was duly probated by the Probate Court of Tarrant County. Monte N. Wardlow left all of his property to his wife Mary Wardlow in fee simple.

On March 29, 1969, Curvie E. Dalton died testate in Collin County and the joint will of Curvie E. Dalton and Kate King Dalton was probated by the County Court of Collin County as to the estate of Curvie E. Dalton.

This case was tried before the District Court of Collin County without the aid of a jury. The trial court entered judgment declaring J. N. Pruett and Mary Wardlow, widow of Monte N. Wardlow, equal owners of the remaining estate of Kate King Dalton and all of the estate of Curvie E. Dalton subject to the administration of the estate of Curvie E. Dalton, deceased, pending in the County Court of Collin County. From the judgment of the trial court Appellants Kenneth Dalton and Sandra Ford, grandchildren of Curvie E. Dalton by a previous marriage, have perfected their appeal to this Court and present four points of error for our consideration.

By their first point of error, Appellants Kenneth Dalton and Sandra Ford, contend that the trial court erred in holding that the deed from Curvie E. Dalton to his wife Kate King Dalton in 1953 conveyed the house and lot to the wife as her separate property. Appellants contend that during marriage the only manner in which a wife can acquire separate property is by gift, devise or descent as prescribed by Art. 16, Sec. 15, of the Texas Constitution, Vernon's Ann.St. and, since there was no evidence of a gift of the property from Curvie E. Dalton to Kate King Dalton, the deed only conveyed to Mrs. Dalton a community interest in the property.

The deed from C. E. Dalton to Kate King Dalton is silent as to whether the recited consideration of $8500.00 was the separate property of Mrs. Dalton, the Grantee. Neither does the deed recite that the property was being conveyed to her for her sole use and benefit.

It has been said that "if the husband himself makes a conveyance to his wife, it is presumed to become her separate property," but this is a presumption which may be rebutted by clear and convincing proof. 2 Texas Practice Guide 550, Sec. 50.08, "Texas Community Property." See also 1 Speer's Marital Rights in Texas 248, Sec. 151, "Husband's Deed to Wife," and 30 Tex.Jur.2d 159, Sec. 89, Effect of Conveyance by Husband to Wife. It has long been the settled law in Texas that a husband can execute a deed directly to the wife and such conveyance, regardless of whether the property conveyed is the husband's separate property or community property, causes the property to become the wife's separate property. This is so even though the deed may not recite that the conveyance is for the wife's sole and separate use. See Forman v. Glasgow, 219 S.W.2d 845 (Tex.Civ. App., Waco, 1949, no writ), and Pevehouse v. Pevehouse, 304 S.W.2d 770 (Tex.Civ. App., Amarillo, 1957, dism'd w. o. j.). Further, any attempt to set aside such conveyance more than four years after it has

occurred is barred by the four year statute of limitations, Art. 5529, Vernon's Ann. Tex.Rev.Civ.Stat. Fitchett v. Bustamente, 329 S.W.2d 920 (Tex.Civ.App., El Paso, 1959, error ref'd n. r. e.).

■ When there has been a conveyance of property from the husband to the wife and a delivery of the deed, the presumption exists that it was his intention to make the property the separate property of his wife either by gift or by purchase; and, in the absence of fraud, accident or mistake, such conveyance cannot be disturbed. In the instant case there is a recital of a consideration of $8500.00 and the only evidence developed in the case was that the money came from the separate funds of Mrs. Dalton. The burden of going forward with the evidence shifted to Appellants to rebut the presumption that Curvie E. Dalton had intended to make the property the separate property of his wife Kate when he conveyed it to her. The trial court concluded that the conveyance made the property the separate property of Kate and that the heirs at law of Curvie E. Dalton (Appellants) were estopped by such conveyance from claiming an interest in the land conveyed to Kate King Dalton by general warranty deed. In the absence of proof to the contrary by Appellants, we must sustain the finding of the trial court that the land became the separate property of Kate King Dalton. Appellants' first point of error is overruled.

The Appellants assert in their second, third and fourth points of error that the trial court erred in holding the joint will of Kate King Dalton and Curvie E. Dalton to be a joint, mutual and contractual will and in holding that a remainder interest in both the estates of Kate King Dalton and Curvie E. Dalton vested in Jeffie N. Pruett and Monte N. Wardlow when the will was probated for the first time following the death of Kate. Appellants further contend that the trial court erred in not holding that the legacy in favor of Monte Wardlow lapsed since he predeceased Curvie E. Dalton.

■ Because we have already concluded that the conveyance of the real property from Curvie E. Dalton to Kate King Dalton made such property her separate property, it naturally follows that when she died and her will was probated, Jeffie N. Pruett and Monte N. Wardlow were vested with equal shares in the land subject to the life estate of Curvie and his power of disposition of the land during his lifetime. This is clearly the rule enunciated by Chadwick v. Bristow, 146 Tex. 481, 208 S.W.2d 888 (1948); Edds v. Mitchell, 143 Tex. 307, 184 S.W.2d 823 (1945); Nye v. Bradford, 144 Tex. 618, 193 S.W.2d 165 (1946). In Chadwick v. Bristow, supra, the Supreme Court stated, "it is well settled that a remainder is vested where there is a person in being who would have an immediate right to the possession upon the termination of the intermediate estate." Because Monte N. Wardlow became vested with a one-half interest in the real estate upon the probate of his mother's will, his share passed to his wife under his probated will since his vested remainder interest was not sold during Curvie's lifetime under Curvie's power of disposition. Appellants' fourth point of error, contending that the legacy in favor of Monte Wardlow lapsed since he predeceased Curvie E. Dalton, has no merit as to the real property of Kate, whether or not the will was joint and mutual.

■ Appellee Pruett who brought this declaratory judgment suit individually and in his capacity as administrator of the estate of Curvie E. Dalton, deceased, alleged in his petition, and it was so stipulated by all parties, that the sum of $5,451.15 was on hand in the Curvie Dalton estate at the time of suit subject to the further costs of the administration. There can be no doubt but that Jeffie N. Pruett is entitled to one-half of that amount since Curvie Dalton's will was probated and it bequeathed one-half of the remaining estate to Jeffie N. Pruett. The only real question left to be decided is whether or not the bequest of the other half of the personal property to Monte N. Wardlow lapsed because he pre-

deceased Curvie E. Dalton. If the bequest lapsed then Mary Wardlow would not be entitled to one-half of the $5,451.15, but such amount would be inherited by Appellants Kenneth Dalton and Sandra Ford. If the will is joint and mutual then absolute vesting in the remaindermen occurs upon the death of the first testator and the probate of the joint and mutual will by the survivor.

◼ We have examined the will, the evidence, the testimony and circumstances surrounding the will and conclude that the trial court was correct in construing it to be a joint and mutual will. The terms of the will itself leave no doubt but that the parties intended it to be joint and mutual. The language of the will speaks of "our last will and testament," and "it is our will and desire" and other similar terms which would indicate a joint undertaking. There was no attempt in the will to give the husband or the wife fee simple title to any of the property, but the intent is clear that the survivor was to have the use of the property with the right of disposition during the life of such survivor and, that upon the death of such survivor, any of the said estate then remaining should "pass and go to Jessie N. Pruett and Monte N. Wardlow, share and share alike." The will further provided if both should die in the same accident or disaster, all of the estate of either or both of the testators should "pass and go to Jessie N. Pruett and Monte N. Wardlow, share and share alike." The surrounding circumstances are that Curvie E. Dalton probated the will as it related to his wife's estate, accepted under it, and in no way repudiated the terms of the will as it affected him and his estate.

◼ There is no evidence that Curvie E. Dalton in any manner changed or attempted to change the will as related to the disposition of his property. We conclude that the language of the will is such that the trial court was correct in determining from the surrounding facts and the terms of the will itself that the testators intended to jointly, mutually and reciprocally agree with each other that all of the property of both should go to the survivor for life, with the remainder as stated. Upon the probate of the will by Curvie E. Dalton and his acceptance under it, the titles to both their estates became vested in Jeffie N. Pruett and Monte N. Wardlow, subject to Curvie E. Dalton's right of use and disposition during his lifetime. By accepting under the terms of the will, the dispositions in the will became absolutely binding upon Curvie E. Dalton. Chadwick v. Bristow, supra. It therefore follows that one-half of the $5,451.15 vested in Monte N. Wardlow when Curvie E. Dalton probated the will of Kate King Dalton and elected to accept the life estate created by the will in all of the property rather than electing to keep only his one-half community interest in the personal property. The record does not indicate that any other real estate was owned by the testators other than the one lot in the City of McKinney.

To summarize, we hold that the house and lot in the City of McKinney was the separate property of Kate King Dalton at her death and that, when her will was probated, the title to her separate property vested in Jeffie N. Pruett and Monte N. Wardlow, subject to Curvie's life estate and right to dispose of such property during his lifetime. We hold that the will was a joint and mutual will and that when it was probated, and Curvie accepted under it, the personal property of Kate, whether separate or community, vested in Jeffie N. Pruett and Monte N. Wardlow, subject to Curvie's right to dispose of such property during his lifetime. By the same reasoning, the real estate, had it been the community property of Curvie and Kate, would have also vested in Jeffie and Monte because of the binding effect created by the probate of the joint and mutual will of Kate and the acceptance under that will by Curvie. However, since the real estate was the separate property of Kate, it vested in Jeffie and Monte when Kate's will was probated, regardless of whether Curvie's will had ever been probated. Curvie only had a life

estate in the real property and could not have disposed of it through any separate will of his own. His only right of disposition was that granted under Kate's will which he did not choose to exercise.

When Curvie E. Dalton probated the joint and mutual will and elected to accept under it, the entire estates of both Kate and Curvie vested in Jeffie N. Pruett and Monte N. Wardlow, subject only to that power set out in the will which allowed the survivor to dispose of any of the property during his lifetime. Chadwick v. Bristow, supra. Appellants remaining points of error are overruled. The well drafted judgment of the trial court is affirmed.