Cherry DYER, Appellant,

v.

William J. DYER, Appellee.

No. 1701.

Court of Civil Appeals of Texas,
Corpus Christi.

April 23, 1981.

Rehearing denied May 28, 1981.

Jack P. Kelso, Corpus Christi, for appellant.

John L. Johnson, Corpus Christi, for appellee.

## OPINION

NYE, Chief Justice.

This appeal is from a divorce action brought by Cherry Dyer, against her husband, William Dyer. Trial was before the court, resulting in a judgment granting the parties a divorce and ordering a division of their property. The wife appeals only from that portion of the judgment which divides the property of the parties.

A review of the evidence as reflected in the record shows that Cherry and William Dyer had been married for approximately 15 years when Mrs. Dyer filed the present divorce action. During this 15-year period, Mrs. Dyer had initiated divorce proceedings on two other occasions. However, the parties reconciled and the two prior cases were dismissed. After the second separation, Mr. Dyer refused to resume the marital relationship unless Mrs. Dyer deeded her interest in the parties' home to him. She agreed, and conveyed the property to him in a deed dated September 26, 1972. The deed reflected that $10.00 and other good and valuable consideration had been received and that the conveyance had been made in order to cause the described realty to become the separate property of William Dyer. It was properly executed by Mrs. Dyer and filed of record in the Deed Records of San Patricio County.

In this present case, Mrs. Dyer testified that the only reason she executed the deed was to "try to get their marriage back together." Mr. Dyer testified that, while getting their marriage back together was part of the consideration for the deed, the conveyance from her to him was further supported by other consideration going to Mrs. Dyer in the form of furniture and household goods of equal or greater value than the parties' equity in the residence.

At the time of the conveyance, Mrs. Dyer was represented by an attorney. There is evidence in the record indicating that she fully understood that she was conveying her interest in the home to Mr. Dyer at that particular time, and that no fraud or accident was involved in the signing of the papers.

The trial court made findings of fact which are, in part, as follows:

"1) Cherry Dyer conveyed all her right, title and interest in the residence at 1407 Dallas Street, Portland, Texas, to William Dyer by deed on September 26, 1972, said deed being Exhibit P–1 admitted at trial of this cause, which conveyance has not been set aside;

2) After September 26, 1972, payments were made upon said residence out of the community funds of the parties;

3) The community estate of the parties should be, and was in the Decree of Divorce entered in this cause, reimbursed for said payments upon such mortgage in the amount of $10,000.00."

Mrs. Dyer brings forth several points of error on appeal, mainly revolving around whether the conveyance of the home in 1972 was a valid conveyance, thereby making the property the separate property of Mr. Dyer, but subject to a $10,000.00 community interest in the property by the parties.

First, Mrs. Dyer contends that the trial court erred in finding that the home was the separate property of Mr. Dyer. She urges that these findings are supported by either no evidence or insufficient evidence. Mrs. Dyer also contends that the deed passed no interest in the property as it was void, or in the alternative, should have been voided by the trial court. To support these contentions, Mrs. Dyer relies on Art. 16 § 15 of the Texas Constitution which defines the separate and community property of the spouses and upon Sec. 5.42 of the Tx.Fam.Code, which allows for the partitioning or exchanging of community property between spouses. Mrs. Dyer argues that the deed executed by her to Mr. Dyer was void because it was an attempt to alter the character of property by mere agreement instead of in the manner provided for in Art. 16 § 15, Tx.Const. and Sec. 5.42 of the Tx.Fam.Code. The Family code statute tracking the Constitutional provision provides that:

"At any time, the spouses may partition between themselves, in severalty or in equal undivided interest, all or any part of their community property. They may exchange between themselves the interest of one spouse in any community property for the interest of the other spouse in other community property. A partition or exchange must be in writing and subscribed by both parties ... Property or a property interest transferred to a spouse under a partition or exchange becomes his or her separate property."

It has been well established that the separate property of either spouse may be conveyed to the other in such a way as to become his or her separate property. Community property may also be so conveyed by the husband to the wife as to make such property hers separately. The spouses cannot, however, by mere agreement, partition and transfer their community property one to the other and thereby change the class of the estate which the law has fixed. *Reed v. Reed*, 283 S.W.2d 311 (Tex.Civ.App.—Dallas 1955, no writ); *Dalton v. Pruett*, 483 S.W.2d 926 (Tex.Civ.App.—Texarkana 1972, no writ); *Fitchett v. Bustamente*, 329 S.W.2d 920 (Tex.Civ.App.—El Paso 1959, writ ref'd n.r.e.).

The appellant Mrs. Dyer does not cite any authority that would make the deed to her then husband void as a matter of law. We do not have a case of a mere agreement between the spouses to change the character of the property. Instead, there is a warranty deed regular on its face, conveying to Mr. Dyer the property in question for valuable consideration. Neither the deed itself nor the evidence in the record discloses whether the consideration was the separate property of Mr. Dyer. Be that as it may, the deed does recite that the property was being conveyed to him for his sole use and benefit. Even if it was necessary,

which we do not believe it was, there is an implied finding that the consideration to Mrs. Dyer was the separate property of Mr. Dyer. The deed was also signed and acknowledged by Mrs. Dyer and filed for record.

The well established law concerning deed between spouses was set forth by Mr. Justice Ray, now of the Texas Supreme Court, in *Dalton v. Pruett, supra;* wherein he stated for the intermediate appellate court:

"... It has long been the settled law in Texas that a husband can execute a deed directly to the wife and such conveyance, regardless of whether the property conveyed is the husband's separate property or community property, causes the property to become the wife's separate property. This is so even though the deed may not recite that the conveyance is for the wife's sole and separate use.... (Citing authorities)."

"When there has been a conveyance of property from the husband to the wife and a delivery of the deed, the presumption exists that it was his intention to make the property the separate property of his wife either by gift or by purchase; and, in the absence of fraud, accident or mistake, such conveyance cannot be disturbed...."

In the absence of any proof to the contrary by Mrs. Dyer, we must sustain the findings of the trial court that the property in question was the separate property of Mr. Dyer. If the questioned deed was voidable, Mrs. Dyer has long been barred in any attempt to have the conveyance set aside by the four year statute of limitations. Art. 5529, Tex.Rev.Civ.Stat.Ann., and *Dalton v. Pruett, supra.*

■ Plaintiff also argues that the deed was void or should have been voided by the trial court because of all the circumstances surrounding the conveyance. These include the "pressure and strain" on her and the unfairness of the consideration, i. e., her attempt to save the marriage. A deed procured without consideration and without the free consent of the grantor or because of duress, but which is otherwise regular, as between the parties, is voidable only and not void. *Goodwin v. City of Dallas,* 496 S.W.2d 722 (Tex.Civ.App.—Waco 1973, no writ). As we have pointed out, the four-year statute of limitations governs voidable deeds. Accordingly, Mrs. Dyer's points of error regarding the consideration and duress are barred by the statute of limitations. *Goodwin v. City of Dallas, supra; Chapal v. Vela,* 461 S.W.2d 466 (Tex.Civ.App.—Corpus Christi 1970, no writ); Art. 5529, Tex. Rev.Civ.Stat.Ann.; *Fitchett v. Bustamente, supra.*

■ Plaintiff further contends that the trial court erred in finding that Mrs. Dyer was awarded $19,350.00 of the property and Mr. Dyer was awarded $22,450.00, and in finding that the community personal property of the parties was of the approximate value of $41,800.00, because such findings are not supported by any evidence, or in the alternative, that there was insufficient evidence to support the finding. After a careful review of the record, we find that there is ample evidence to support the trial court's findings. *In Re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951) and *Garza v. Alviar,* 395 S.W.2d 821 (Tex.Sup.1965).

Plaintiff next contends that the division of the community property of the parties by the trial court was inequitable, and that the court erred in ordering the community estate of the parties to be reimbursed in the amount of $10,000.00 for payments made upon the mortgage. In view of our determination that the house was Mr. Dyer's separate property, we find that plaintiff has failed to show a clear abuse of discretion by the trial court in dividing the community property. *Bell v. Bell,* 513 S.W.2d 20 (Tex.Sup.1974); *Hopkins v. Hopkins,* 540 S.W.2d 783 (Tex.Civ.App.—Corpus Christi 1976, no writ).

Again, after a careful review of the record, we hold that there was sufficient evidence to support all of the trial court's findings. *Garza v. Alviar, supra; In Re King's Estate, supra.* Accordingly all of appellant's points of error are overruled.

The judgment of the trial court is affirmed.

BISSETT, J., not participating.