**In the Matter of the MARRIAGE OF James Michael MORRISON and Rosemary Annette Morrison.**

No. 06–95–00018–CV.

Court of Appeals of Texas, Texarkana.

Submitted Nov. 10, 1995.

Decided Nov. 10, 1995.

Rehearing Overruled Dec. 5, 1995.

---

Jeff Fletcher, Friedman Law Offices, Texarkana, for James Michael Morrison.

J. Michael Brock, New Boston, for Rosemary Annette Morrison.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

BLEIL, Justice.

Rosemary Morrison appeals the award of certain real property to her ex-husband, James Morrison, in a divorce proceeding. The critical question before us on appeal concerns the characterization of certain real property as community property. We conclude that the trial court erred in characterizing the realty as community property and reverse and remand the cause to the trial court for a new division of the community estate in light of our decision.

James and Rosemary Morrison married in September 1978. The trial court entered a judgment of divorce and division of property in 1994.

In June 1991, James and Rosemary jointly purchased a piece of real property and the house situated thereon with the intention of using it as a rental property. In November 1992, at Rosemary's request, James executed a deed conveying all of his interest in this property to Rosemary as her separate property.

The trial court found that, because the property had been purchased and continuously maintained with community funds, it was community property. The court further held that the deed of conveyance from James to Rosemary was not effective because it failed to comply with the statutory requirements for partition and exchange agreements between spouses. For reasons which follow, we conclude that the trial court erred in characterizing the real estate and house as part of the community estate under the particular facts of this case.

For over a century, Texas cases have uniformly held that when a husband conveys a parcel of community property to his wife, the entire parcel becomes the wife's separate property, so long as the consideration for the conveyance is the wife's separate property, or the conveyance is a gift from the husband to the wife. *Kellett v. Trice,* 95 Tex. 160, 66 S.W. 51, 53–54 (1902); *Kahn v. Kahn,* 94 Tex. 114, 58 S.W. 825, 826–27 (1900); *Lewis v. Simon,* 72 Tex. 470, 10 S.W. 554, 556 (1889); *Story v. Marshall,* 24 Tex. 305, 307–08 (1859); *Higgins v. Johnson,* 20 Tex. 389, 395–96 (1857); *Babb v. McGee,* 507 S.W.2d 821, 823 (Tex.Civ.App.—Dallas 1974, writ ref'd n.r.e.); *Dalton v. Pruett,* 483 S.W.2d 926, 928 (Tex.Civ.App.—Texarkana 1972, no writ); *Pevehouse v. Pevehouse,* 304 S.W.2d 770, 772 (Tex.Civ.App.—Amarillo 1957, writ dism'd); *Forman v. Glasgow,* 219 S.W.2d 845, 847 (Tex.Civ.App.—Waco 1949, no writ); *cf. Taylor v. Hollingsworth,* 142 Tex. 158, 176 S.W.2d 733, 736 (1943) (conveyance was invalid because consideration was not solely separate property of wife). If the deed of conveyance recites no consideration or only nominal consideration, it is construed as evidencing an intention on the part of the husband to donate the property to the wife as a gift. *Pevehouse,* 304 S.W.2d at 772; *Forman,* 219 S.W.2d at 847; *see also Babb,* 507 S.W.2d at 823 (deed reciting consideration of $10.00 and love and affections held to constitute a gift to wife). A specific declaration in the deed that the property is being conveyed as the wife's separate property creates a strong presumption that the husband thereby intended to relinquish his or her claim upon it as community property. *Pevehouse,* 304 S.W.2d at 772; *see also Hayes v. Hayes,* 378 S.W.2d 375, 378 (Tex.Civ.App.—Corpus Christi 1964, writ dism'd). This presumption can be rebutted only by proof of fraud, mistake, or undue influence in the execution of the deed.[1] *Pevehouse,* 304 S.W.2d at 772; *see also* Oliver S. Heard, Jr., Richard A. Strieber, & Richard R. Orsinger, *Characterization of Marital Property,* 39 BAYLOR L.REV. 909, 920 (1987).

---

1. Although James complains on appeal that he executed the deed under duress, he failed to make this argument at trial, and the court made no findings on this point. In such circumstances, the complaint is not preserved for appellate review. TEX.R.APP.P. 52(a).

Conveyances of community property from husband to wife thus have consistently been deemed to render the entire property the wife's separate property. Until 1967, the rationale for this rule was the fact that the husband was the sole manager of property belonging to the marital community. *Story*, 24 Tex. at 308; *Higgins*, 20 Tex. at 396. In this management capacity, he could convey to any party the entire marital interest in a parcel of community property without his wife's joinder in the transaction. TEX.REV. CIV.STAT. art. 4619 (1925) (repealed 1967); *Hopkins v. Robertson*, 138 S.W.2d 310, 312 (Tex.Civ.App.—Fort Worth 1939, writ ref'd). It thus seemed logical that he could convey such an interest to his wife, to take as her separate property, just as he could to a third party. *Higgins*, 20 Tex. at 396.

As a result of legislation enacted in 1967, the husband is no longer the sole manager of community property. TEX.FAM.CODE ANN. § 5.22 (Vernon 1993). Rather, each spouse has sole management control over the community property that he or she would have owned if single, and the two spouses have joint control over all other community property. *Id.* To resolve the question before us, then, we must determine the impact of the 1967 legislation on interspousal conveyances.[2]

We first note that the courts of appeals are divided on a related question: whether, following the 1967 legislation, one spouse may convey his or her undivided interest in a parcel of community property to a third party without the other spouse's consent. At least two courts have held that such a conveyance is permissible and that it results in a tenancy in common between the grantee and the grantor's spouse, each possessing an undivided one-half interest in the property. *See Vallone v. Miller*, 663 S.W.2d 97, 98 (Tex.App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.); *Williams v. Portland State Bank*, 514 S.W.2d 124, 127 (Tex.Civ.App.— Beaumont 1974, writ dism'd). Another court, however, has reached the opposite conclu-sion, holding that such a grant effectively allows one spouse to partition community property without the other spouse's consent, in violation of article 16, section 15 of the Texas Constitution, and section 5.54 of the Family Code. *Dalton v. Don J. Jackson, Inc.*, 691 S.W.2d 765, 768 (Tex.App.—Austin 1985, no writ). These provisions were enact-ed to permit and facilitate agreements be-tween spouses to divide community property during marriage. *See* ALOYSIUS A. LEOPOLD, MARITAL PROPERTY AND HOMESTEADS § 1.33 (Texas Practice 1993). Such agreements must be in writing and signed by both spous-es. TEX.FAM.CODE ANN. § 5.54 (Vernon 1993). Most commentators have agreed with the *Dalton* court that the conveyance of a spouse's undivided one-half interest in com-munity property to a third party violates these constitutional and statutory provisions because it is an attempt to involuntarily par-tition community property. *See, e.g.*, Thom-as M. Featherston, Jr. & Julie A. Springer, *Marital Property Law in Texas: The Past, Present and Future*, 39 Baylor L.Rev. 861, 890 n. 169 (1987); Joseph W. McKnight, *An-nual Survey of Texas Law: Family Law*, 29 Sw.L.J. 67, 89 (1975). The supreme court has not ruled on the matter.

■■■■ Despite the persuasiveness of the reasoning in *Dalton*, we believe that the in-stant case presents a factually distinguish-able situation and that a different rule should therefore apply. In making husbands and wives coequal managers of joint community property, the legislature sought to insure that one spouse could no longer convey or otherwise dispose of this type of community property without the other spouse's consent. *See Cooper v. Texas Gulf Indus., Inc.*, 513 S.W.2d 200, 202 (Tex.1974); Featherston, Jr. & Springer, *supra* at 874. The involuntary partition effectively allowed by the rule in *Williams*, and disapproved in *Dalton*, hin-ders this purpose. Although one spouse act-ing alone can no longer dispose of the entire marital property interest, he or she can, un-

---

2. We believe this to be a question of first impres-sion before the courts of appeals. Although we have identified one case since the 1967 legisla-tion which upheld a transfer of community prop-erty from husband to wife, and one case which allowed such a transfer from wife to husband, in neither of these opinions did the court address the impact of the legislative changes. *See Pank-hurst v. Weitinger & Tucker*, 850 S.W.2d 726, 730 (Tex.App.—Corpus Christi 1993, writ denied); *Dyer v. Dyer*, 616 S.W.2d 663, 664 (Tex.Civ. App.—Corpus Christi 1981, writ dism'd).

der the *Williams* rule, convey half of that interest to a third party despite objections by the other spouse. But when one spouse merely conveys his or her interest in community property to the other spouse, as in this case, the harms of an involuntary partition are not present. If the grantee spouse objects to the transaction, he or she need merely refuse to accept the conveyance of property. *See Giles v. Giles,* 94 S.W.2d 208, 210 (Tex.Civ.App.—Austin 1936, writ dism'd) (acceptance by donee necessary to constitute valid gift).

 We also believe that such an interspousal conveyance of a parcel of community property causes the entire parcel, and not just the grantor's undivided one-half interest in it, to become the separate property of the grantee, so long as the consideration for the conveyance is the grantee spouse's separate property or the conveyance is a gift from one spouse to the other. *See* ALOYSIUS A. LEOPOLD, MARITAL PROPERTY AND HOMESTEADS § 18.13 (Texas Practice 1993); Heard, Jr., Strieber, & Orsinger, *supra* at 921. This is the result that obtained in pre–1967 cases in which a husband conveyed community property to his wife, and we see no reason this should not now apply to conveyances by either spouse. As the court reasoned in *Pevehouse,* one who conveys a parcel of community property to his or her spouse as that spouse's separate property should be deemed to have relinquished his or her claim upon it. *Pevehouse,* 304 S.W.2d at 772. We therefore believe that section 5.22 of the Family Code should be construed to permit either a husband or a wife to convey his or her interest in a parcel of jointly managed community property to his or her spouse, thereby making the entire parcel the separate property of that spouse, at least under facts such as these. That is because, in this case, Rosemary asked James to give her the property in question. The conveyance from him to her was made with her implicit joinder and approval. This property was subject to the joint management of the Morrisons, unless the spouses provided otherwise by agreement. *See* TEX.FAM.CODE ANN. § 5.22(b), (c) (Vernon 1993) (both subsections provide joint control of community property absent "other agreement"). We conclude that, absent any complaint from Rosemary, the conveyance of the property from James to her, as her sole and separate property, conveyed the entire property to her as her separate property by virtue of their agreement and Rosemary's implicit joinder in the deed.

 The trial court held that the deed from James to Rosemary was invalid because it failed to comply with the constitutional and statutory requirements for partition and exchange agreements. *See* TEX. CONST. art. XVI, § 15; TEX.FAM.CODE ANN. §§ 5.52, 5.54 (Vernon 1993). Although a partition and exchange agreement is one mechanism by which spouses may convert community property into their separate property, it is not the only method by which such a transformation can be effected. *Pankhurst v. Weitinger & Tucker,* 850 S.W.2d 726, 730 (Tex.App.—Corpus Christi 1993, writ denied). As the preceding discussion indicates, conveyances by gift or sale are also valid means of transferring portions of a spouse's interest in the community estate to the separate estate of the other spouse. *See Dalton,* 483 S.W.2d at 928–29.[3]

For the reasons indicated, we hold that the deed validly conveyed the property in question to Rosemary as her separate property. Therefore, the trial court erred in characterizing the property as community and in dividing the community estate on that basis.

We reverse the judgment insofar as it divides the marital estate and remand the case to the trial court.

---

**3.** The trial court further based its classification of the rental house as community property on a finding that the property had been improved with community funds. Such an expenditure of community assets does not alter, however, the effect of the deed in vesting Rosemary with sole title to the property. Instead, James may seek equitable reimbursement for community funds used to maintain Rosemary's separate property. *See Jones v. Jones,* 804 S.W.2d 623, 626 (Tex. App.—Texarkana 1991, no writ).