Stephen B. VALLONE, Appellant,

v.

James B. MILLER, et ux., Appellees.

No. B14–83–110CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 15, 1983.

Rehearing Denied Jan. 12, 1984.

W. Briscoe Swan, Houston, for appellant.

James W. Patterson, John G. Patterson, Patterson & Patterson, Don R. Cantrell, Houston, for appellees.

Before PAUL PRESSLER, ROBERTSON and CANNON, JJ.

OPINION

ROBERTSON, Justice.

This appeal is from a judgment that the appellant recover nothing on his suit seeking specific performance of a contract to convey real property or, alternatively, for damages. Under the authority of TEX.R. CIV.PRO. 307 and 377(d), the appeal is limited to the question of whether the jury's

responses to the special issues support the judgment entered. We affirm.

Appellant's Second Amended Original Petition alleged that a completed written agreement to convey property had been executed by appellant as purchaser and appellee James B. Miller as seller. Appellant also alleged that appellee Elaine Miller's interest in the property was covered by this written agreement and should be conveyed to appellant because "Mr. Miller had the right to manage this property and she is bound by his signature on the earnest money contract or because Mr. Miller was authorized to act for her in the transaction made the subject of this suit." The contract was attached to the petition as an exhibit and constitutes the entire statement of facts before this court. The document is entitled "Earnest Money Contract" and is a printed form with blanks that have been filled in. In the blank for the name of the "sellers" are the names "James B. Miller & Elaine R. Miller". Appellant's name appears in the space for "purchaser." The next blank has been filled with a description of the property. At the bottom of the printed form are the signature lines. Appellant's signature appears on the line reserved for purchaser. Instead of having the signatures of both James B. Miller and Elaine R. Miller, only Mr. Miller's signature appears in the space for the sellers' signatures. Mrs. Miller's signature is not on the document.

The answers for both appellees: denied that James B. Miller had the authority to act on behalf of Elaine R. Miller in selling the property; contended that the property was joint management community property which could not be conveyed or encumbered by one spouse alone; and asserted the contract was incomplete on its face and it had no force or effect because Mrs. Miller's signature did not appear on the document.

The case was submitted to the jury on fifteen special issues. In response to the jury's finding that the property was joint management community property, the trial judge entered judgment in favor of appellees.

In two points of error appellant contends the trial court erred in: (1) entering judgment in favor of appellees on the verdict returned and (2) failing to enter judgment in favor of appellant on the verdict returned. We believe the answer to special issue number one was determinative and the trial court did not err by entering judgment for the appellees.

It is clear that a husband has the right to convey his one-half interest in non-homestead joint management community property without the signature of his wife on the conveyance. *Williams v. Portland State Bank*, 514 S.W.2d 124 (Tex.Civ.App.—Beaumont 1974, writ dism'd). Appellant argues that under *Williams*, he has the right to compel the husband alone to specifically perform the contract. However, in order to maintain a suit to compel the husband to convey that interest, there must be a valid and complete contract to convey. In *Williams* documents were drawn up for both the husband and wife to execute but the wife refused. New documents were prepared for the husband alone to execute. The operative documents involved in *Williams* were not the incomplete ones that the wife refused to execute but rather the documents that were later drawn up for the husband alone to execute.

Unlike *Williams*, we do not have such a contract in the case before us. The earnest money contract is incomplete on its face and is not capable of being enforced by specific performance. While both husband and wife are named as sellers only the husband's signature appears on the contract. The description of the property to be sold is not in terms of the husband's "undivided one-half interest" or other words to indicate that only Mr. Miller's interest was involved. From the terms of the document it is evident the parties intended that the agreement would be effective only upon execution by both Mr. and Mrs. Miller as sellers. Once there was the proper execution, the contract was to involve the interests of both of the Millers. There is no basis for a finding that James B. Miller alone must specifically perform the incom-

plete contract as to his undivided one-half interest. The question remains whether the signature of one spouse was binding upon both husband and wife.

 The jury, in response to special issue number one, found that this property was joint management community property. One spouse cannot alone convey or encumber joint management community property unless the spouses have otherwise agreed. TEX.FAM.CODE ANN. § 5.22(c) (Vernon 1975). *Williams v. Portland State Bank, supra.* Appellant has failed to present a statement of facts from which it could be determined whether such an agreement existed. Without a "power of attorney in writing or other agreement" to the contrary, James B. Miller had no authority to contract to dispose of the entire joint management community property without his wife joining in the contract.

Based upon the "contract" made the basis of this suit and the jury's response to special issue number one, the trial court entered the correct judgment. Appellant's two points of error are overruled.

The judgment is affirmed.