Carmen Reddick DALTON, In Her Capacity As Independent Executrix of the Estate of Robert Arthur Dalton, Deceased, Appellant,

v.

DON J. JACKSON, INC., d/b/a Austin Properties, Appellee.

No. 14234.

Court of Appeals of Texas, Austin.

May 1, 1985.

Rehearing Denied June 19, 1985.

Thomas H. Watkins, Hilgers, Watkins & Kazen, P.C., Austin, for appellant.

Jeff D. Otto, Meadows & Otto, Austin, for appellee.

Before SHANNON, C.J., and EARL W. SMITH and BRADY, JJ.

SHANNON, Chief Justice.

Appellee Don J. Jackson, Inc. filed suit against Robert A. Dalton, individually and as Independent Executor of the estate of his wife, Ethel Creager Dalton,[1] seeking specific performance of a contract to sell real estate located on North Lamar Boulevard in Austin. After a bench trial, the district court rendered judgment ordering appellant executrix to convey a one-half interest in the real estate to Jackson. This Court will reverse the judgment.

On October 3, 1978, Robert and Ethel Dalton signed an exclusive listing agreement with John H. Steinle to sell the real estate. The land was joint management community property and title was in the names of Robert and Ethel. Three days later, Jackson tendered an escrow sales contract to Steinle offering $85,000 for the property. This offer was rejected. On November 10, 1978, Jackson submitted a sec-

ond contract which offered $90,000. After several modifications, Robert signed the contract in one of the two spaces for the names of "seller." On November 30, 1978, Ethel Dalton died without ever signing the contract.

After Ethel died, Robert refused to close the sale. Jackson then filed suit seeking, among other things, specific performance of the contract to sell the entire tract of land. The district court concluded that "[t]he contract for sale in this case is not void or even voidable, but is enforceable to the extent of the signing spouse's interest as a matter of law." The court then rendered judgment ordering the executrix to execute and deliver to Jackson a general warranty deed conveying Robert's one-half undivided interest in the real estate.

By a single point of error, the executrix asserts that the district court erred in granting specific performance of the contract as to a one-half undivided interest in the real estate.

The executrix's principal argument is that Tex.Fam.Code Ann. § 5.22(c) (1975) precludes enforcement of the contract of sale without the signature of both spouses. Section 5.22(c) provides that with several exceptions, community property is subject to the *joint* management, control, and disposition of the husband and wife. The executrix asserts that, as a matter of law, § 5.22(c) mandates that a contract to sell joint management community property may not be enforced without the signature of both spouses. To permit one spouse to convey a one-half interest in joint community property, the executrix asserts, would allow such property to be involuntarily partitioned as to the nonconveying spouse.

In support of the judgment, Jackson advances *Williams v. Portland State Bank*, 514 S.W.2d 124 (Tex.Civ.App.1974, writ dism'd) and *Vallone v. Miller*, 663 S.W.2d 97 (Tex.App.1983, writ ref'd n.r.e.). In *Williams*, a husband and wife held title to real estate in both of their names. The

---

**1.** After the cause was tried, but before the judgment was signed, Robert A. Dalton died. There-

after, Carmen Reddick Dalton, Independent Executrix, was substituted as a party defendant.

real estate was non-homestead joint management community property. The husband borrowed against the real estate, executing a note and deed of trust in which the wife refused to join. Thereafter, the parties were divorced. The husband defaulted on the note and the bank instructed the trustee to conduct the sale. Relying upon § 5.22(c), the court held that the husband had no authority to encumber the wife's interest in the real estate. The court held, nevertheless, that the husband's execution of the note and deed of trust created a valid lien upon *his* interest in the real estate:

> We must still determine whether or not the execution of the note and deed of trust created a valid lien upon Williams' interest in both tracts of land. We hold that it did, and the trial court properly ordered foreclosure of such lien as to Williams' interest. A study of the pertinent sections gives us no reason to believe such a lien would be either void or voidable as to his interest.

514 S.W.2d at 127. The holding in *Williams* has been criticized. Professor Dorsaneo characterized the holding as "very questionable authority" and stated that the court improperly inserted the word "several" into § 5.22 so as to result in that section stating that community property is subject to "joint and several" disposition. Dorsaneo, *Compulsory Joinder of Parties in Texas*, 14 Hous.L.Rev. 346, 364 (1977). Professor McKnight in *Annual Survey of Texas Law: Family Law*, 29 Sw.L.J. 67, 89 (1975), wrote that the court's holding in *Williams* would allow one spouse to achieve an involuntary partition of a community asset contrary to the long-established rule.

In *Vallone v. Miller, supra,* the plaintiff sought specific performance of a contract to purchase non-homestead joint management community property. The contract contained both the husband's and wife's name typed-in under the term "seller." Only the husband signed the contract. The court relied upon *Williams* and stated:

> It is clear that a husband has the right to convey his one-half interest in non-home-

stead joint management community property without the signature of his wife on the conveyance.

663 S.W.2d at 98. The court, however, concluded that the contract was "incomplete" because wife's name was typed-in but not signed. Accordingly, the court held that the purchaser was not entitled to specific performance of any interest in the property. Presumably, if the contract were "complete" as in *Williams* where only the husband's name was typed-in as "seller," the court in *Vallone* would have concluded that one spouse has the right to unilaterally convey or encumber a one-half interest in non-homestead joint management community property.

In response to the criticism of *Williams,* Jackson claims that the holding in that opinion does no violence to the policy underlying community property law because at the time of the trial for specific performance in *Williams,* the parties were divorced and the community was dissolved. Accordingly, Jackson urges this Court to affirm the judgment, adopting a rule that one spouse may convey a half interest in the non-homestead joint management community property *if,* as in this appeal, *at the time of the enforcement of the conveyance,* the community is dissolved. Adoption of Jackson's argument would require that a contract for sale executed by only one spouse not be effective while the spouses were married, and would permit the substantive rights of the purchaser and subscribing spouse to remain in a kind of limbo until the community was dissolved. Upon dissolution of the community, the contract would spring to life bestowing the subscribing spouse's one-half interest upon the purchaser. Such a rule would be unworkable and would produce an undesirable result. Further, it would infringe on the divorce court's right to make a division of the community property under § 3.63, if a spouse could convey an interest in such community assets prior to the dissolution of the marriage, such conveyance becoming

effective upon rendition of the decree of divorce dissolving the community.

 The executrix asserts that *Williams* is wrongly decided in that it permits one spouse to unilaterally effect a partition of joint management community property. Such result is contrary to Tex.Fam.Code § 5.22(c). This Court agrees and declines to follow *Williams.*

Community property may only be partitioned upon compliance with the provisions of Tex. Const.Ann. art. XVI, § 15 (Supp. 1985) and §§ 5.42 and 5.44 of the Family Code. *See Maples v. Nimitz,* 615 S.W.2d 690 (Tex.1981); *Williams v. McKnight,* 402 S.W.2d 505 (Tex.1966); *Morgan v. Morgan,* 622 S.W.2d 447 (Tex.App.1981, no writ). Accordingly, one spouse may not convey his or her interest in joint community property to a third party, so as to effectuate a partition by creating a tenancy-in-common between the remaining spouse and the third party.

 By a cross-point Jackson claims error by the district court in refusing to award him judgment for monetary damages for the remaining one-half undivided interest in the real estate. He, however, made no complaint to the district court of any error in the judgment.

The trial court should be afforded an opportunity to correct any errors that it might have made in the judgment. Accordingly, to complain cross-point of the judgment on appeal, an appellee is required to bring those errors to the court's attention in some manner whether by filing exceptions to the judgment, notice of appeal, or motion for new trial. *West Texas Utilities Co. v. Irvin,* 161 Tex. 5, 336 S.W.2d 609 (1960); *Saenz Motors v. Big H. Auto Auction, Inc.,* 653 S.W.2d 521, 526 (Tex.App. 1983), aff'd, 665 S.W.2d 756 (Tex.1984); State Bar of Texas Appellate Procedure in Texas § 15.16 (2d ed. 1979).

The judgment is reversed and judgment is here rendered that Jackson take nothing.