COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | § | |
|---|---|---|
| | | No. 08-18-00089-CV |
| IN THE MATTER OF THE ESATE OF | § | |
| JOSEPH ABRAHAM, JR. A/K/A | | Appeal from |
| JOSEPH (SIB) ABRAHAM, JR. | § | |
| | | Probate Court No. 1 |
| | § | |
| | | of El Paso County, Texas |
| | § | |
| | | (TC # 2014-CPR02054) |
| | § | |
| | § | |

## **O P I N I O N**

The driving force for the disputants here is whether a piece of property passed from father to son before the father's death, or whether it is part of the deceased father's estate, subject to the provisions of a will and the claims of creditors. The deciding issue, however, is whether Appellant, William Abraham, has presented a sufficient record and arguments to convince us that the probate court erred in granting summary judgment invalidating a deed that purportedly transferred the property. He has not, and we affirm the judgment below.

### **FACTUAL BACKGROUND**

Joseph (Sib) Abraham, Jr., a noted El Paso trial lawyer, passed away on July 4, 2014. His will appointed his wife, Margaret, as Independent Executrix. She declined that role, however, and the probate court appointed a granddaughter, Asia Zaragoza as the Dependent Administrator of

1

the estate. Later, Ms. Zaragoza stepped down, and the court appointed Albert Bloxom as the Successor Dependent Administrator. He is our Appellee here, and we refer to him as the Administrator. In addition to his wife, Sib Abraham was also survived a son, William D. Abraham, and several grandchildren. The will lists Margaret as the sole beneficiary, with Sib's grandchildren as alternate beneficiaries. William Abraham is not a beneficiary under the will.

This case arises out of a particular estate asset. According to an assumption deed dated June 1, 1982, Sib Abraham acquired a parcel of land located at 415 E. 7th Street, in downtown Austin. The deed showed only Sib as the buyer. Sib acquired that property, however, while he was married to Margaret, and jointly filed income tax returns, as well as an inventory filed by Ms. Zaragoza in her role as the dependent administrator, treated the Austin land as community property; no party has contested that claim. In 2011, Sib pledged the property as security for $497,000 promissory note payable to GEM Real Estate Investments. That entity filed a claim in the probate proceeding for the outstanding balance on the note. Other creditors filed numerous claims against the estate based on various secured and secured notes.

On November 7, 2014 (four months after Sib's death), William Abraham caused to be recorded an assumption warranty deed in Travis County that purported to transfer the 7th Street property from Sib to William. The deed reflected that Sib signed the instrument on January 7, 2013, some six months before his death. His signature was notarized by Texas notary, Jackie Brackett. That is where this story takes its first turn--Brackett later executed an affidavit stating in relevant part that she actually notarized deed *after* Sib's death:

- Approximately three to four months after the death of Joseph 'SIB' Abraham, Jr., William 'Billy' Abraham called me at home and asked me to meet him . . . . At that time, Billy indicated that he finally found the deed to the Austin property and that he needed me to notarize it for him.

2

- The deed he presented was entitled Assumption Warranty Deed, . . . [and] already had what appeared to be the signature of Joseph 'SIB' Abraham, Jr. on the second page. The signature was dated January 7, 2013.

- At that time, I realized that my notary stamp was too new for the date on the Assumption Warranty Deed. Billy asked me to retrieve my old notary stamp from my house.

- I then notarized the Assumption Warranty Deed. Once I finished notarizing the Assumption Warranty Deed, Billy indicated that he was going to Austin to personally file it as soon as possible.

- Since his incarceration, Billy has sent me other documents, including deeds, for me to notarize. I did not feel comfortable notarizing those documents and gave them back to Charlene Enriquez, who is helping Billy while he is in jail.

William Abraham later filed a lis pendens claiming to be the true owner of the property. He filed an original petition in the probate proceeding seeking to vindicate his claim to the Austin property. That petition alleges that he bought the property around 1985 from Sib through a series of transaction. The Administrator answered and counterclaimed, seeking a declaration voiding the January 7, 2013 deed.

The Administrator later moved for summary judgment, asserting two principal arguments. First, the Administrator claimed the deed was not properly notarized, and under several provisions of the property code, it cannot be considered a valid deed. Second, the Administrator argued that the property was community property. Because the January 7, 2013 deed did not contain the wife Margaret Abraham's signature, any purported conveyance under the deed was ineffective.

William apparently responded with his own cross-motion for summary judgment, and several summary judgment proofs germane to this appeal.[1] Our record suggests that he included as a part of his response a second assumption deed signed by his mother, Margaret. On October

---

[1] As we explain below, none of these pleadings are included in our record, but only discussed in the transcribed hearing on the summary judgment motions.

3

19, 2016--more than two years after Sib passed away--Margaret executed an assumption deed that transferred her community interest in the Austin property to William Abraham. The deed states it is effective on January 7, 2013, the same date the deed purportedly signed by her husband, Sib.

The Administrator had filed his own petition within the probate attacking Margaret's assumption deed. He joined her as party and contended that the October 19, 2016 deed was void because she had failed to comply with Texas Estates Code Section 360.253. That provision allows for the partition of community property subject to administration by an estate representative, but requires court approval, and the posting of a bond to protect the interest of creditors. TEX.EST.CODE ANN. § 360.253(b). The probate court granted the Administrator's motion for summary judgment on that claim and declared Margaret's October 19, 2016 deed void. We have subsequently affirmed that ruling in a related appeal. *In re Estate of Joseph Abraham, Jr.*, No. 08-18-00032-CV (Tex.App.--El Paso, Aug. 21, 2019). The Administrator carried that same argument forward in his summary judgment motion and argument against William.

With regard to the Administrator's motion for summary judgment as against William (and his cross-motion for summary judgment), the probate court first sustained several objections to various affidavits and proofs filed by William. The court then granted the Administrator's motion for summary judgment and denied William's motion. The probate court declared the deed dated January 7, 2013 "void, invalid, and of no legal effect[.]" This appeal follows.

## DISCUSSION

William raises two issues on appeal. His first issue claims that the trial court erred in striking several affidavits that he had apparently included as a part of his response to the Administrator's motion for summary judgment. His first issue then generally claims the trial court erred in granting summary judgment "in the face of conflicting facts." In his second issue, he

4

argues that the January 7, 2013 deed is valid as between Sib and William in the absence of any evidence of forgery. Rather, any impropriety in the notarization would only void the deed as to a bona fide purchaser without notice of the defect. Both issues arise in the context of a granted summary judgment, so we start with our standard of review.

## Standard of Review

We review a trial court's decision to grant summary judgment *de novo. Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). Under a traditional motion for summary judgment motion, the moving party carries the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. TEX.R.CIV.P. 166a(c); *Helix Energy Sols. Group, Inc. v. Gold*, 522 S.W.3d 427, 431 (Tex. 2017). Stated otherwise, the movant must conclusively establish as a matter of law all the elements of their claim. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010). Evidence is conclusive if reasonable people could not differ in the conclusions drawn from it. *Gold*, 522 S.W.3d at 431. Once the movant establishes its right to summary judgment, the burden then shifts to the non-movant to present evidence which raises a genuine issue of material fact. *See City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex. 1979).

Evidence favorable to the non-movant will be taken as true in deciding whether there is a disputed issue of material fact. *Fort Worth Osteopathic Hospital, Inc. v. Reese*, 148 S.W.3d 94, 99 (Tex. 2004); *Tranter v. Duemling*, 129 S.W.3d 257, 260 (Tex.App.--El Paso 2004, no pet.).

## Application

### *The Affidavits and the Deadman's Rule (Issue One)*

William's first issue claims the trial court erred in sustaining the Administrator's objections to several affidavits that he apparently attached to his summary judgment response. The argument

5

at the summary judgment hearing, as disclosed by the reporter' record, suggest that these affidavits included statements made by Sib to several of his friends and associates that to varying degrees supported the inference that he intended for the Austin property to go to William. The Administrator lodged specific objections to each affidavit and specific assertions made within those affidavits, including hearsay, assertion of legal conclusions, speculation, lack of foundation, failure to attach referenced documents, unreliability, and statement of conclusory opinions. The affidavits are not included in the appellate record, nor is William's response to the summary judgment motion.[2]

To obtain a reversal of a trial court's order granting summary judgment, an appellant must provide the appellate court with the relevant summary judgment evidence considered by the trial court. *Enterprise Leasing Co. of Houston v. Barrios*, 156 S.W.3d 547, 549 (Tex. 2004)(per curiam). "Although [the summary judgment movant] bears the burden to prove its summary judgment as a matter of law, on appeal [the nonmovant] bears the burden to bring forward the record of the summary judgment evidence to provide appellate courts with a basis to review his claim of harmful error." *Id.* "If the pertinent summary judgment evidence considered by the trial court is not included in the appellate record, an appellate court must presume that the omitted evidence supports the trial court's judgment." *Id.* at 550.

William's failure to include the affidavits at issue, or the summary judgment response, requires that we presume those filings would support the trial court's ruling. *Barrios*, 156 S.W.3d at 549 (affirming summary judgment when responses to requests for admissions were not included in appellate record); *DeSantis v. Wackenhut Corp.*, 793 S.W.2d 670, 689 (Tex. 1990)(affirming

---

[2] At a hearing counsel referred to William Abraham's amended response to motion for summary judgment and counter-motion for summary judgment, as well as a supplemental counter-motion for summary judgment. We find neither of those pleadings in the clerk's record.

summary judgment when affidavit filed in support of same was not included in the appellate record); *Arredondo v. Techserv Consulting and Training, Ltd.*, 567 S.W.3d 383, 401 (Tex.App.--San Antonio 2018, pet. filed)(failure to include response to motion for summary judgment in record resulted in affirmance of motion).

Moreover, a party challenging an evidentiary ruling must address each potential basis for the evidence's exclusion. *Gomez v. Saratoga Homes*, 516 S.W.3d 226, 240 (Tex.App.--El Paso 2017, no pet.)(failure to address all grounds for exclusion of challenged testimony resulted in waiver of issue); *Godfrey v. Security Service Fed. Credit Union*, 356 S.W.3d 720, 723-24 (Tex.App.--El Paso 2011, no pet.)(when trial court did not specify which objections it was sustaining, failure to address each objection below waived complaint on appeal); *Trahan v. Lone Star Title Co. of El Paso, Inc.*, 247 S.W.3d 269, 284 (Tex.App.--El Paso 2007, pet. denied)(noting that when an appellant fails to challenge each basis for a trial court's exclusion of evidence, he "waives any error by not challenging all possible grounds for the trial court's ruling"). The Administrator lodged several different objections to each of the affidavits that William filed. William's brief, however, only addresses a competency objection that is governed by TEX.R.EVID. 601 (the "Dead Man's Rule"). The other objections lodged below are all unaddressed.

Further, we review a trial court's ruling concerning the admission or exclusion of summary judgment evidence for an abuse of discretion. *Ragland v. BNSF Ry. Co.*, 501 S.W.3d 761, 770 (Tex.App.--El Paso 2016, no pet.); *Ordonez v. Solorio*, 480 S.W.3d 56, 67-68 (Tex.App.--El Paso 2015, no pet.). A trial court abuses its discretion when it acts without regard for any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241-42 (Tex. 1985). A party complaining on appeal of the admission or exclusion of evidence must show both that the trial court's ruling was erroneous and probably caused rendition of an improper judgment.

7

TEX.R.APP.P. 44.1(a)(1). Without the affidavits before us, we can hardly say the trial court either abused its discretion in excluding them, or that if it did, the error caused the rendition of an improper judgment.

Finally, William leaves unaddressed an independent basis for voiding the January 7, 2013 deed. The affidavits of which William refers at best support his claim that Sib Abraham intended to or did deed the property to William. They do not address the Administrator's other argument that the initial failure of Margaret to join in that deed voids the transaction, and that her later attempt to execute the October 2016 deed failed to comply with the partition requirements set out in the Estates Code.

Section 3.102 of the Texas Family Code provides that "community property is subject to the joint management, control, and disposition of the spouses, unless the spouses provide otherwise by power of attorney in writing or other agreement." TEX.FAM.CODE ANN. § 3.102(c). So, absent a power of attorney or agreement, one spouse may not convey community property to a third party, so as to effectuate a partition by creating a tenancy-in-common between the remaining spouse and the third party. *Dalton v. Don J. Jackson, Inc.,* 691 S.W.2d 765, 768 (Tex.App.--Austin 1985, no writ); *see also Vallone v. Miller,* 663 S.W.2d 97, 99 (Tex.App.--Houston [1st Dist.] 1983, writ ref'd n.r.e.)(husband who attempted to transfer property without his wife's signature); *Alamo Country Club Owners Association v. Shelton,* No. 13-10-00300-CV, 2012 WL 3792753, at *23-24 (Tex.App.--Corpus Christi Aug. 31, 2012, no pet.)(mem.op.,)(husband's deed of house without wife's signature was ineffective to convey house to third party). Pursuing this theme, the Administrator showed, and William did not challenge, that the January 7, 2013 deed was not signed by Margaret.[3]

---

[3] We note that when community property is held in one spouse's name only there is a presumption that the property is *sole-management* community property. TEX.FAM.CODE ANN. § 3.104(a). As such, a third party might rely on the

William's sole response below was that Margaret later executed the October 19, 2016 deed, retroactively transferring her interest in the property to William. We reject that argument. When a person dies leaving a lawful will, "all of the person's estate that is devised by the will vests immediately in the devisees[.]" TEX.EST.CODE ANN. § 101.001(a)(1). At same time, the decedent's estate vests subject to the payment of the debts of the decedent, unless those debts are otherwise exempted by law. *Id.* at § 101.051(a). And more specifically, the community property that was under the deceased spouse's sole or joint management during the marriage continues to be subject to the debts of that spouse upon his or her death. *Id*. at § 101.052(a); *see also* TEX.FAM.CODE ANN. § 3.202(c)("The community property subject to a spouse's sole or joint management, control, and disposition is subject to the liabilities incurred by the spouse before or during marriage.").

The Estates Code strikes a balance to protect both the beneficiaries under the will and the creditors of the decedent. Upon the issuance of letters testamentary or upon the administration on an estate, "the executor or administrator has the right to possession of the estate" as it existed at the date of the testator's death. TEX.EST.CODE ANN. § 101.003. And the heir's title is "subject to the decedent's debts; and the personal representative retains legal title, possession, and control for the purpose of administering the estate." *Armes v. Thompson,* 222 S.W.3d 79, 83 (Tex.App.-- Eastland 2006, no pet.). "Until the administrator pays all debts owed by the estate and distributes

---

single spouse's approval of a deed transferring title. *See Jean v. Tyson-Jean*, 118 S.W.3d 1, 5-6 (Tex.App.--Houston [14th Dist.] 2003, pet denied); *In re McCloy,* 296 F.3d 370, 373 (5th Cir. 2002); *Mustang Minerals, LLC v. Houston Trust Co.*, No. 03-17-00152-CV, 2018 WL 454735, at *2 (Tex.App.--Austin Jan. 11, 2018, pet denied)(mem. op.)(collecting cases). And here, the Austin property was held only in Sib's name. But to invoke the Section 3.104 presumption, and shift the burden back to the Administrator to rebut the presumption, William would have needed to show three things: "(1) the property conveyed was presumed to be subject to the named spouse's sole management; (2) the grantee was not party to a fraud on the unnamed spouse; and (3) the grantee had no notice of any lack of authority of the named spouse to convey the property." *Jean*, 118 S.W.3d at 6, *citing* TEX.FAM.CODE ANN. § 3.104(b). On this record, we cannot conclude William made any of those showings in his response to the Administrator's summary judgment motion.

9

the property, the beneficiaries do not actually hold legal title to the property." *Woodward v. Jaster,* 933 S.W.2d 777, 781 (Tex.App.--Austin 1996, no pet.).

The Estates Code does provide some mechanisms for the earlier distribution of assets, but only with some protection afforded to estate creditors. Relevant here, Section 360.253 permits a spouse to obtain legal title to their share of community property, but with some strings attached. Under that Section a spouse may apply to have the court partition community property. *Id.* at § 360.253(a). To do so, however, the request must: (1) come after an inventory, appraisement, and list of claims for the estate have been returned (or affidavit in lieu of the same); (2) be accompanied by a suitable bond "in an amount equal to the value of the surviving spouse's interest in the community property" and (3) the court approves the partition, dividing it into "two equal moieties, one to be delivered to the surviving spouse and the other to be delivered to the executor or administrator of the deceased spouse's estate." *Id.* § 360.253(a)(b) and (c). The provision gives creditors a lien "on the property delivered to the surviving spouse to secure the payment of the bond" and a right to sue in their own name to have judgment against the bond. *Id.* at § 360.253(d)(1) and (2).

Margaret did not follow this procedure. The Austin property, whether it was jointly or solely managed by Sib is potentially subject to his debts. TEX.EST.CODE ANN. § 101.001(a)(1). In a related appeal, we rejected Margaret's claim that she can transfer this community property asset out of the estate without the probate court's approval, any input from creditors, or the use of the bond provisions of Section 360.253. We also questioned how that deed could make the transfer effective as of a date in the past. Traditionally, a "deed takes effect only from the date of its delivery, which may be either actual or constructive." *Tuttle v. Turner, Wilson & Co.*, 28 Tex. 759, 773 (1866). The Administrator's Motion for Summary Judgment was based in part on

Margaret's failure to sign the January 7, 2013 deed, and her failure to comply with Section 360.253 when she executed the October 19, 2016 deed. William failed to raise either a fact or legal argument challenging this independent ground supporting the summary judgment. For all these reasons, we overrule Issue One.

### *Irregularities in Notarizing the Assumption Deed (Issue Two)*

In his second issue, William contends that any irregularities in the notarization of the January 7, 2013 deed, even if true, could not support the summary judgment. The Administrator had argued that the Property Code's definition of a deed, and the prerequisites for filing instruments, require a valid notarization. *See* TEX.PROP.CODE ANN. § 5.021 ("A conveyance . . . must be in writing and must be subscribed and delivered by the conveyor or by the conveyor's agent authorized in writing."); *id.* at § 12.001(b)("An instrument conveying real property may not be recorded unless it is signed and acknowledged or sworn to by the grantor in the presence of two or more credible subscribing witnesses or acknowledged or sworn to before and certified by an officer authorized to take acknowledgements or oaths, as applicable."). William responds that as between the grantee and grantor, any irregularities in the acknowledgment are not fatal to the validity of the transaction. *See e.g*. *Haile v. Holtzclaw*, 414 S.W.2d 916, 928 (Tex. 1967)(as between a grantor and a grantee, deeds are valid even without a valid acknowledgement); *Apex Financial Corp. v. Garza*, 155 S.W.3d 230, 237-38 (Tex.App.--Dallas 2004, pet. denied)("As between the grantor and the grantee, a deed is valid even if not acknowledged.").

We need not resolve that argument, because even if the January 7, 2013 deed technically qualifies as a deed as between Sib and William, it does not overcome the problem of Margaret having not signed it. That is, even if Sib's signature is actually his signature, the absence of

11

Margaret's signature was a ground asserted in the summary judgment that has not been addressed and is fatal to the validity of the deed. Issue Two is overruled.

## CONCLUSION

The probate court's order declaring the January 7, 2013 deed void is affirmed.

August 21, 2019

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rodriguez, and Palafox, JJ.